*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DIANA SANTIZ-GARCIA

UNPUBLISHED
June 16, 2022

No. 357841
Kent Circuit Court
Family Division
LC No. 21-003686-PC

Before: BORRELLO, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Petitioner appeals as of right the trial court's order denying her petition to modify the birth record of her minor child and dismissing the case. For the reasons set forth in this opinion, we reverse the trial court's order dismissing this matter and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

In April 2021, petitioner filed a petition in the circuit court seeking to modify the birth certificate of her daughter, DSG, so as to correctly reflect petitioner's true name. Petitioner alleged that when she gave birth to DSG in 2007, petitioner was 14 years old and used a fictitious name because petitioner had run away from her own mother and was afraid of being found.

In her 2021 petition, petitioner requested that the circuit court amend DSG's birth certificate to list petitioner's correct name as DSG's mother. Petitioner argued that the circuit court had the authority to order such an amendment pursuant to MCL 333.2831(b), which provides that "[t]he state registrar shall establish a new certificate of birth for an individual born in this state when the registrar receives . . . [a] request that a new certificate be established and the evidence required by the department proving that the individual's paternity has been established." Petitioner attached DSG's birth certificate and a DNA testing report indicating that there was a 99.99% probability that petitioner was the biological mother of DSG. Petitioner also argued "that if the statute is inapplicable to her and only applies to males asserting paternity, then it is violation [sic] of equal protection based on the Michigan constitution and the 14th Amendment of the United States Constitution."

The circuit court ruled that MCL 333.2831(b) did not provide statutory authority to grant the relief requested by petitioner because the statutory language only focused on paternity. The circuit court further concluded that the statute was not unconstitutional. As a result, the trial court denied petitioner's request for a court order modifying the mother's name on DSG's certificate of birth and dismissed this matter. Petitioner now appeals.

## II. ANALYSIS

On appeal, petitioner's brief is largely devoted to explaining why she provided a false name for herself at the time DSG was born and arguing that MCL 333.2831(b) violates equal protection. However, the fundamental issue in this case is whether petitioner can amend DSG's birth certificate to correctly reflect petitioner's actual name where petitioner has been unable to identify a statute explicitly directed at providing a remedy for the unusual factual circumstances presented in this case.

Nonetheless, we can discern no legitimate reason petitioner should not be granted the relief she seeks. Petitioner admits that she provided the false name and was the cause of the current issue. She has provided evidence to establish that she is the biological mother of DSG. There is no person disputing her contention about how her name should be listed on the birth certificate. Petitioner, DSG, and the public all have an interest in the accuracy of birth records. We are not aware of any legal authority prohibiting the correction sought in this case. Pursuant to MCR 7.216(A)(7), we remand this matter and direct to the circuit court to enter an appropriate order authorizing the correction of DSG's birth certificate to reflect petitioner's correct name as DSG's mother.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Kathleen Jansen
/s/ Christopher M. Murray